# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KYLE BLACKMAN, GERARDO MORENO, ABELARDO MARTINEZ,<br><br>Defendants. | 2:17-cr-00169-KJD-VCF<br><br>**REPORT AND RECOMMENDATION**<br><br>MOTIONS TO SEVER [ECF NOS. 79, 81, 83] |

Before the Court are Defendant Kyle Blackman's Motion to Sever Defendants for Trial (ECF No. 79), Defendant Gerardo Moreno's Motion to Sever Counts and Defendants (ECF No. 81), and Defendant Abelardo Martinez's Motion for Joinder to Defendant Gerardo Moreno's Motion to Sever Counts and Defendants (ECF No. 83). For the reasons discussed below, Defendants' motions to sever should be denied.

## BACKGROUND

In March 2017, the FBI obtained information from confidential sources that Nikolas Delarosa was distributing firearms. (ECF No. 79 at 2; ECF No. 93 at 2). From March 14 to April 27, 2017, the FBI allegedly used a Confidential Source ("CS") posing as a drug cartel member to purchase firearms from Delarosa and Martinez. (ECF No. 79 at 2; ECF No. 91 at 4). The Government asserts that Delarosa sold a firearm to Martinez, a felon, during this period. (ECF No. 49 at 3-4; ECF No. 91 at 2; ECF No. 93 at 2).

On May 8, 2018, Martinez talked to the CS about money-making opportunities and told the CS to contact Delarosa-the leader of their "rip crew." (ECF No. 79 at 3; ECF No. 93 at 2). On May 11, 2017,

1

the CS told Delarosa about a fictitious opportunity to steal methamphetamine, and Delarosa said he had two people to help with the robbery. (ECF No. 79 at 3; ECF No. 93 at 2). On May 24, 2017, Delarosa, Moreno, and Blackman arrived at the designated staging area for the robbery. (ECF No. 79 at 3). The FBI arrested them, finding a holster on Delarosa and a firearm in Delarosa' vehicle. (ECF No. 79 at 3; ECF No. 93 at 2).

After the arrest, Delarosa and Moreno gave statements to the FBI implicating themselves and Blackman in the robbery. (ECF No. 79 at 3-4; ECF No. 93 at 2). Blackman did not make a statement. (ECF No. 79 at 3-4; ECF No. 93 at 2). Though the statements were recorded, a malfunction with the equipment makes the recordings unusable. (ECF No. 79 at 3). The FBI has provided a written report of the interviews. (ECF No. 82 at 11-13).

On September 13, 2017, Defendants were charged in a Superseding Indictment (ECF No. 49) with the following counts:

1. Conspiracy to Interfere with Commerce by Robbery (date unknown-5/24/17): Delarosa, Moreno, Blackman;

2. Conspiracy to Possess with Intent to Distribute a Controlled Substance (date unkown-5/24/17): Delarosa, Moreno, Blackman;

3. Possession of Firearm in Furtherance of a Drug Trafficking Crime (5/24/17): Delarosa, Moreno, Blackman;

4. Disposing of a firearm to a Prohibited Person (3/14/17): Delarosa; and

5. Possession of a Firearm by a Prohibited Person (3/14/17): Martinez.

Defendants have now filed two motions to sever and a joinder. (ECF Nos. 79, 81, 83). The motions generally assert that (1) Delarosa and Moreno should be severed from the other Defendants because of Delarosa and Moreno's post-arrest statements (ECF No. 79 at 4-8; ECF No. 81 at 3-5), and (2)

Counts 4-5[1] should be severed from 1-3 because 4-5 are not related to the robbery charges in 1-3 (ECF No. 81 at 2-3). The Court held a hearing on these motions on July 24, 2018. CITE?

## ANALYSIS

An indictment "may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).

The party seeking severance "has the burden of proving 'clear,' 'manifest,' or 'undue' prejudice from the joint trial." *United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980) (quoting *United States v. McDonald*, 576 F.2d 1350, 1355 (9th Cir. 1978)). The 9th Circuit has developed a four-part test in evaluating motions to sever:

> (1) whether the jury may reasonably be expected to collate and appraise the individual evidence against each defendant; (2) the judge's diligence in instructing the jury on the limited purposes for which certain evidence may be used; (3) whether the nature of the evidence and the legal concepts involved are within the competence of the ordinary juror; and (4) whether Appellants could show, with some particularity, a risk that the joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.

*United States v. Hernandez-Orellana*, 539 F.3d 994, 1001 (9th Cir. 2008) (quoting *United States v. Sullivan*, 522 F.3d 967, 982 n.9 (9th Cir. 2008). "In assessing whether joinder was prejudicial, of foremost importance is whether the evidence as it relates to the individual defendants is easily compartmentalized." *United States v. Vasquez-Velasco*, 15 F.3d 833, 846 (9th Cir. 1994).

---

[1] ECF No. 81 refers to a previous indictment that only contained four counts. ECF No. 85 makes it clear that any reference in ECF No. 81 to counts 3 and 4 should refer to counts 4 and 5.

3

1  I.  **Whether to Sever Defendants' Trials Due to Delarosa and Moreno's Post-Arrest Statements**

Both motions to sever argue that the post-arrest statements by some of the Defendants pose potential 6th Amendment issues for the other Defendants. (ECF No. 79 at 4-8; ECF No. 81 at 3-5). In addition, Blackman argues that the evidence against Delarosa and Moreno creates the danger of spillover prejudice and mutually exclusive defenses. (ECF No. 79 at 6-7).

**A. *Bruton***

Admission of a codefendant's confession that implicates defendant at a joint trial constitutes prejudicial error even if the trial court gives clear instruction that confession could only be used against codefendant and must be disregarded with respect to defendant. *Bruton v. United States*, 391 U.S. 123, 126 (1968). However, "[t]he Confrontation Clause is not violated by the admission of a non-testifying codefendant's confession with a proper limiting instruction when… the confession is redacted to eliminate not only the defendant's name, but any reference to [his or] her existence." *Richardson v. Marsh*, 481 U.S. 200, 200 (1987). On the other hand, "[r]edactions that simply replace a name with an obvious blank space or a word such as 'deleted' or a symbol or other similarly obvious indications of alteration… leave statements that, considered as a class, so closely resemble *Bruton*'s unredacted statements…the law must require the same result." *Gray v. Maryland*, 523 U.S. 185, 192 (1998).

All parties, including the Government, agree that Delarosa and Moreno's post-arrest statements pose potential *Bruton* problems. (ECF No. 79 at 4-6; ECF No. 81 at 3-5; ECF No. 91 at 5-6; ECF No. 93 at 5-6). However, the Government asserts that the statements can be easily redacted to exclude any reference to the other Defendants. (ECF No. 91 at 5-6; ECF No. 93 at 5-6).

The Court finds that redacting Delarosa and Moreno's post-arrest statements to exclude reference of any other co-Defendants is possible. The statements will be introduced through the testimony of the Government's witnesses, since the recording of the statements is unusable. The witnesses can be directed to testify only as to what Delarosa and Moreno said about themselves, without any reference to what they

said about others' participation in the alleged crimes. This testimony will not have the type of obvious redactions that would prejudice Delarosa and Moreno's co-Defendants.

The Court notes there was a disagreement between Defendants and the Government at the July 24, 2018 hearing regarding the exact limitations to be placed on the Government's witnesses regarding Delarosa and Moreno's post-arrest statements. Defendants asserted that any possible reference to third parties in the confessions would prejudice Delarosa and Moreno's co-Defendants, while the Government argued that prejudice would only arise if there were more direct references to a specific co-Defendant. The Court will not rule on this particular issue, as the scope of testimony it is best left for the trial court judge.

Delarosa and Moreno's post-arrest statements can be properly redacted to not implicate their co-Defendants. Defendants' motions to sever should be denied on these grounds.

### B. Spillover Prejudice and Mutually Exclusive Defenses

"While a great disparity in proofs may be sufficient to allow a severance in certain cases, the prime consideration is whether the jury can reasonably be expected to compartmentalize the evidence as it relates to separate defendants in the light of its volume and the limited admissibility." *United States v. Monks*, 774 F.2d 945, 949 (9th Cir. 1985) (quoting *United States v. Gaines*, 563 F.2d 1352, 1355 (9th Cir.1977)). "[A] defendant seeking severance based on the 'spillover' effect of evidence admitted against a co-defendant must also demonstrate the insufficiency of limiting instructions given by the judge." *United States v. Nelson*, 137 F.3d 1094, 1108 (9th Cir. 1998) (quoting *United States v. Joetzki*, 952 F.2d 1090, 1094 (9th Cir.1991)).

Blackman has failed to establish that potential spillover prejudice will clearly, manifestly, or unduly prejudice him at a joint trial. Assuming, *arguendo*, that the evidence is currently much stronger against Delarosa and Moreno than it is against Blackman,[2] proper jury instructions will allow the jury to

---

[2] The Court will not address the parties' arguments regarding the admissibility of statements made during the course of a conspiracy (ECF No. 93 at 6-7; ECF No. 96 at 3-4) at this time, as this is a trial issue.

compartmentalize the evidence against the Defendants. Though the case involves multiple Defendants and charges, it is not so complicated that the jury will be unable to keep them separate. As explained in the analysis of Delarosa and Moreno's post-arrest statements, the Government must produce proof specific to each Defendant in prosecuting the case.

Blackman has also failed to establish that his, Delarosa's, and Moreno's defenses are likely to be mutually exclusive. "To be entitled to severance on the basis of mutually antagonistic defenses, a defendant must show that the core of the codefendant's defense is so irreconcilable with the core of his own defense that the acceptance of the codefendant's theory by the jury precludes acquittal of the defendant." *United States v. Throckmorton*, 87 F.3d 1069, 1072 (9th Cir. 1996). Blackman has indicated he will use a "mere-presence defense." (ECF No. 96 at 5). If the jury accepts that Blackmun was merely present at the scene of the crime without participating, it will not preclude the jury from concluding that Delarosa and Moreno were also not participating in a crime. In addition, there is no indication that Delarosa and Moreno, especially considering their post-arrest statements, will attempt to argue that they are innocent and Blackmun is guilty.

Therefore, Blackman's motion to sever (ECF No. 79) should be denied in its entirety.

II.   **Whether to Sever Counts 1-3 from Counts 4-5**

Counts 1-3 relate to the May 24, 2017 robbery conspiracy allegedly carried out by Delarosa, Moreno, and Blackman. (ECF No. 49). Counts 4-5 relate to a March 14, 2017 firearm sale allegedly between Delarosa and Martinez. (*Id.*). The firearm allegedly sold to Martinez has no connection to the robbery. (ECF No. 81 at 2).

Defendants argue that Counts 4-5 are not part of the "same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses" as Counts 1-3 as required by Federal Rule of Criminal Procedure 8(b). (ECF No. 79 at 2-3; ECF No. 83). The Government argues that "[e]vidence of the CS's role as a drug cartel member and how the subject of the robbery, that is the basis for Counts One,

6

Two, and Three, was brought up is relevant to those counts and would be admissible even if the trials were severed." (ECF No. 91 at 5).

"The term 'transactions,' has a flexible meaning and...the existence of a 'series' depends on whether there is a 'logical relationship' between the transactions greater than mere factual similarity of events." *United States v. Felix-Gutierrez*, 940 F.2d 1200, 1208 (9th Cir. 1991) (quoting *United States v. Ford*, 632 F.2d 1354, 1371-72 (9th Cir.1980)). "The logical relationship between a series of transactions may be shown by the existence of a common plan, scheme, or conspiracy." *Id.*

The Counts are all part of the same transaction or series of transactions. They are all related to the CS's interactions with Delarosa, which began with firearm sales and ended with the planned robbery. The connection is tenuous, since the early firearm sales did not play a role in the later robbery. However, it is worth noting that Martinez, charged in Count 5, was allegedly the one to tell the CS to talk to Delarosa about the potential robbery that led to Counts 1-3.

In addition, Defendants would not face any prejudice from Counts 1-3 being joined with Counts 4-5 at trial. Defendants asserted at the hearing that if the counts were severed, evidence of the firearm sale could be kept out of the robbery trial. However, it is likely that evidence of the firearm sale would be allowed in the robbery trial, even if the counts were severed, to explain how the FBI became involved in the planned robbery. There does not appear to be any danger of the jury confusing the Counts or using evidence from Counts 1-3 in Counts 4-5 and vice versa. The firearm sale and robbery took place more than two months apart and the firearm sale involved a Defendant that is not being charged in connection with the robbery.[3]

Therefore, Moreno's motion to sever (ECF No. 81)[4] should be denied in its entirety.

ACCORDINGLY, and for good cause shown,

---

[3] Delarosa is the only party charged in connection with both the robbery and firearm sale. He did not file a motion to sever.

[4] Martinez filed a motion to join Moreno's motion to sever. (ECF No. 83). The motion to join should be granted, as Martinez is charged only in Count 5 of the indictment. (ECF No. 49).

IT IS HEREBY RECOMMENDED that Defendant Abelardo Martinez's Motion for Joinder to Defendant Gerardo Moreno's Motion to Sever Counts and Defendants (ECF No. 83) be GRANTED.

IT IS ALSO RECOMMENDED that Defendant Blackman's Motion to Sever Defendants for Trial (ECF No. 79) be DENIED.

IT IS ALSO RECOMMENDED that Defendant Moreno's Motion to Sever Counts and Defendants (ECF No. 81) be DENIED.

DATED this 10th day of July, 2018.

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE